IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

JAMES I. AIKEN, ET. AL) Civil Action No. _____
[Enter the full name of the plaintiff in this action])
)(to be assigned by Clerk)
)
)**C O M P L A I N T**
v.)**State Prisoner**
)
Charleston County Sheriff's Office)
)
Sheriff Al Cannon, Jr. Esq.)
)
Chief Lucas, Major Hargrove, Captain Keyes)
)
Officer T. L. Crider)
)
)
_____)
Enter above the full name of defendant(s) in this action)

I.PREVIOUS LAWSUITS

A.Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise related to your imprisonment?Yes_____No✓

B.If your answer to A is Yes, describe the lawsuit in the space below. If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.

1.Parties to this previous lawsuit:

Plaintiff: _____

Defendant(s): _____

2.Court: _____
(If federal court, name the district; if state court, name the county)

3.Docket Number: _____

4.Name(s) of Judge(s) to whom case was assigned: _____

5.Disposition: _____
(For example, was the case dismissed? Appealed? Pending?)

6.Approximate date of filing lawsuit: _____

7.Approximate date of disposition: _____

Complaint - State Prisoner
Revised October 3, 2007

II. PLACE OF PRESENT CONFINEMENT

   A. Name of Prison/Jail/Institution: CHARLESTON COUNTY DETENTION CENTER (CCDC)

   B. What are the issues that you are attempting to litigate in the above-captioned case? 4th And 8th AMENDMENT VIOLATIONS, DENIAL OF ACCESS TO COURTS, 5th AND/OR 6th AMENDMENT VIOLATIONS, DISCRIMINATION, ABUSE OF AUTHORITY

   C. (1) Is there a prisoner grievance procedure in this institution?   Yes ✓   No _____

      (2) Did you file a grievance concerning the claims you are raising in this matter?   Yes _____   No ✓

         When _____   Grievance Number (if available) _____

   D. Have you received a final agency/departmental/institutional answer or determination concerning this matter (*i.e.*, your grievance)?   Yes _____   No _____

   E. When was the final agency/departmental/institutional answer or determination received by you? _____

      *If possible, please attach a copy of your grievance and a copy of the highest level decision concerning your grievance that you have received.*

   F. If there is no prison grievance procedures in this institution, did you complain to prison, jail, or institutional authorities?   Yes _____   No _____

   G. If your answer is YES:

      1. What steps did you take? DEFENDANT LUCAS DENIED ME A disciplinary hearing by DISCIPLINARY
      2. What was the result? BOARD, AND he CAME AND IMPOSED THE SANCTION HEREIN

III. PARTIES

   *In Item A below, place your name, inmate number, and address in the space provided. Do the same for additional plaintiffs, if any.*

   A. Name of Plaintiff: JAMES I. AIKEN #2032            Inmate No.: #2032
      Address: 3841 LEEDS AVE., North Charleston, SC 29405  1-A

   *In Item B below, place the full name of the defendant, his official position, and place of employment in the space provided. Use Item C for additional defendants, if any.*

   B. Name of Defendant: AL CANNON, JR. ESQ            Position: SHERIFF
      Place of Employment: 3505 PINE HAVEN DR., North Charleston, SC 29405

   C. Additional Defendants (*provide the same information for each defendant as listed in Item B above*):
      Chief Lucas, Major Hardgrove, Captain Keyes, And Officer T.L. Crider
      All defendants EMPLOYED AT: 3841 LEEDS. AVE. North Charleston, SC 29405

Complaint - State Prisoner
Revised October 3, 2007

IV. STATEMENT OF CLAIM

*State here, as briefly as possible, the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach an extra sheet if necessary.*

1) Abuse of Authority: On Sept. 29, 2010, about 9:30 am unit officer (defendant Crider) call Recreation (Rec) for the Top Tier. Since this was a change from the norm, when I got downstairs I asked defendant Crider, "Will this change in Morning Rec time be permanent?" Defendant stated, "Let me check," while flipping through papers Defendant Crider stated to Plaintiff, "You are talking real nice now that you want something, ja you were an 'ass' this morning." Defendant said this three times and I did the same. Defendant ordered me to go to my room. Once in my room defendant locked me in my room for the remainder of my Rec time (emphasis added).

2) Conspiracy: Approximately 20 minutes after defendant Crider locked me in my room there was a lot of commotion downstairs in the housing unit 3-F. When I went to the window of the room's door I saw officers pointing guns at detainees, "get in your rooms." Tact Officer Shaw told me "open the door," I said "its Locked" (emphasis added). About two minutes passed before the door was unlocked for two of my roomates were let in. Then about 20 minutes later our room door was opened and 4-5 officers escorted me out of the room to the Detention Center's Lock-up unit 1-A. It was there that I found out that I was being charged with Violation: A-12 Creating, participating or inciting a disturbance, riot or group demonstration (See Exhibit A) by defendant Crider. It was in the 1-A unit that I learned that a few detainees were involved in assaulting officers and throwing chairs during the time I was locked in my room by Defendant Crider (emphasis added)

3) Violation of due Process, 14th Amendment: At 5pm I received notice in writing of my charge entitling me to 24 hrs to prepare for hearing, but at 9:00 am the following I was called to answer charges (See Exhibit A). While waiting to go before the Disciplinary Committee, defendant Chief Lucas enter the Lockup unit and ja informed the Committee along with me and two other detainees, "They will not have a hearing

IV. STATEMENT OF CLAIM - continued.

they will be permanent in 1-A (Lockup unit) No phone calls, visitation, canteen, No Request Forms, grievance forms, medical forms, nothing. They will eat bag lunch 3 times a day." I attempted to explain to Defendant Lucas that I was locked in my room during the incident and the surveillance camera will demonstrate that, but to no avail. Defendant Lucas violated my 14th Amendment rights by denying me a right to a hearing before a neutral and detached trier of fact; and by denying me the appeal process.

4) 8th Amendment Violation: In that defendant Lucas has instructed the kitchen to prepare bag lunches 3 times a day, when that falls far below the 2000 calory diet. Further, Defendant has denied all means of correspondence with jail staff by virtue of, Lockup unit officers.

5) Denial of Access to Courts: defendant Lucas, by virtue of, denying the inmate Request forms deny me of this right in that, the Request form is used to communicate with my public defender; and None of the Lockup unit officers supplied me with my indigent pack that contains two stamped envelops, at the demands of defendant Lucas.

6) 5th and/or 6th Amendment violations: denied me right to confront my accusers, and my right to have witnesses call on my behalf when I was denied a hearing.

(7) Discrimination And Abuse of Authority: Because I am charged with violation A-12 defendant Lucas deprived me of the above-mentioned fundamental rights. Had it been any other charge his action may have been different. Also his actions because of the assault on his officers caused him to abuse his authority as Chief Jailer in the above mentioned actions of his.

Defendants Hardgrove and Keyes, watched this surveillance camera tape with defendant Lucas and the three together has somehow in their minds justified my detention in the 1-A lockup unit.

Plaintiff have for the past 48 hrs refused to eat anything at all due to bag lunch being served. Unit officers have not noted such refusal and if they have they have not reported it to the Medical staff as required after 24 hrs of refusal.

Complaint - State Prisoner
Revised October 3, 2007

## V. RELIEF

*State briefly and exactly what you want the court to do for you.*

1) a court order releasing me from disciplinary unit due to violations mentioned herein; also, for the surveillance tape of housing unit 3F on 9/29/10 to be Reviewed and see that Plaintiff was in Room Locked in when incident occurred; 2) to seize the Records whether tapes, papers, computers to establish that defendant Lucas' actions was not Restricted to this incident as he denies everyone a hearing who is charged with Violation - A-12 or Assault on Officers; 3) for the Courts to Review surveillance tapes and upon finding defendant Lucas committed these violations for him to be demoted two ranks downward, and for defendants Hardgrove and Keyes be demoted One Rank down and for defendant Crider to be terminated indefinitely; 4) Plaintiff seeks $5 million dollars from defendant Cannon and the Charleston County Sheriff's Dept, $2.5 million for defendant Lucas and the Charleston County Detention Center, a $250,000.00 from defendants Hardgrove and Keyes and $100,000.00 from defendant Crider due to emotional anguish, mental stress Plaintiff seeks punitive damages; 5) Plaintiff Request a court for an emergency hearing to be held for temporary Relief until Plaintiff can be fully heard on this matter; 6) Plaintiff further seeks an order of protection from further Abuse, harassment, discrimination from administrators, sympathizers and allies of defendants, even the most subtle. Plaintiff Request that the Court order of protection accompany the form USM-285 when served upon defendants by the US Marshalls. Plaintiff further request that an order of temporary relief accompany forms 285 served upon defendants.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this September day of Thursday, 30, 20 10.

James A. Aiken
*Signature of Plaintiff*

Complaint - State Prisoner
Revised October 3, 2007