UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| James I. Aiken, | ) C/A No. 8:10-2664-RBH-BHH |
|---|---|
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Sheriff Al Cannon Jr., Esq.; | ) (partial summary dismissal) |
| Chief Lucas; | ) |
| Major Hardgrove; | ) |
| Captain Keyes; | ) |
| Officer T.L. Crider; | ) |
| Charleston County Sheriff's Office, and | ) |
| Charleston County Detention Center, | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by a state prison inmate.[1] Plaintiff submitted an Amended Complaint in which he named two Defendants who were not considered in the initial review conducted on the Complaint: Charleston County Sheriff's Office, and Charleston County Detention Center. Plaintiff requests $ 5 million in damages from both of these Defendants; however, the Amended Complaint should be partially summarily dismissed without the issuance of process for either of them.

## **PRO SE REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Amended Complaint filed in this case. This review has been conducted

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pleading filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* pleading, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Amended Complaint filed in this case is subject to partial summary dismissal as to the two newly named Defendants under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **ANALYSIS**

Initially, the Amended Complaint is subject to summary partial dismissal without the issuance of process for Defendant Charleston County Sheriff's Office because this Defendant is an agency of the State of South Carolina and, thus, entitled to Eleventh Amendment immunity from the relief requested in the Amended Complaint. Article V, section 24 of the South Carolina Constitution specifically provides for the election of a sheriff in each county: "There shall be elected in each county by the electors thereof a clerk of the circuit court, a sheriff, and a coroner;

2

and in each judicial circuit a solicitor shall be elected by the electors thereof." Furthermore, Sheriff's Departments in South Carolina are considered state agencies, not municipal departments. *See* S.C. Code Ann. § 23-13-550; 1975 S.C. Att'y. Gen'l. Op. No. 47 (January 22, 1975). Indeed, if any damages were to be awarded in this case, such damages would be paid by the South Carolina State Insurance Reserve Fund. *See Comer v. Brown*, 88 F.3d at 1332 ("Judgments against the Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund."). Each of these circumstances support the determination that South Carolina Sheriffs' Departments are state agencies.

As a state agency, the Charleston County Sheriff's Office is immune from suit for damages in federal court under the Eleventh Amendment to the United States Constitution. Generally speaking, that amendment divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department in most circumstances. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *Bellamy v. Borders*, 727 F. Supp. 247, 248-50 (D.S.C. 1989). *Cf. Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 227 (4th Cir. 1997)(courts may consider an Eleventh Amendment immunity defense *sua sponte*).

The State of South Carolina has not consented to suit in a federal court. Section 15-78-20(e) of the South Carolina Code of Laws expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court

of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State. *McCall v. Batson*, 329 S.E.2d 741, 743 (S.C. 1985)(Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). Because Defendant Charleston County Sheriff's Office is entitled to Eleventh Amendment immunity from Plaintiff's claims, summary partial dismissal of the Amended Complaint is appropriate.

Additionally, the Amended Complaint should be partially summarily dismissed as to Defendant Charleston County Detention Center because it is not a proper party to a lawsuit filed pursuant to 42 U.S.C. § 1983. In order to state a claim for relief under § 1983,[2] an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult

---

[2] Plaintiff's Amended Complaint alleging problems with the conditions of his state prison confinement is properly before this Court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008); *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. June 20, 1991).

The Charleston County Detention Center is a building or group of buildings. It is not a person and it does not act under color of state law. As a result, it is not a proper § 1983 defendant, and the provisions of the Amended Complaint alleging wrongdoing by it and seeking damages from it should be partially summarily dismissed.

## Recommendation

Accordingly, it is recommended that the District Court partially dismiss the Amended Complaint in this case *without prejudice* and without issuance and service of process for Defendants Charleston County Sheriff's Office, and Charleston County Detention Center. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The remaining Defendants should respond to the Amended Complaint.

5

Plaintiff's attention is directed to the important notice on the next page.

                                                s/Bruce Howe Hendricks
                                                United States Magistrate Judge

December 9, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Rm. 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).