IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| James I. Aiken, #2032, | ) | Civil Action No.: 8:10-2664-RBH-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION OF** |
| | ) | **MAGISTRATE JUDGE** |
| Sheriff Al Cannon, Jr.; | ) | |
| Chief Lucas; | ) | |
| Major Hargrove; | ) | |
| Captain Keyes; and | ) | |
| Officer T. L. Crider, | ) | |
| Defendants. | ) | |
| | ) | |

The pro se Plaintiff, a detainee at the Charleston County Detention Center, filed this prisoner civil rights action on October 19, 2010. This matter is before the Court on the Plaintiff's Motion for a Temporary Restraining Order. (Dkt. # 4.) The defendants have filed a Response in Opposition. (Dkt. #25)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of both Preliminary Injunctions and TROs. Pursuant to Rule 65, "a temporary restraining order may be granted . . . only if it clearly appears from specific facts shown . . . that immediate and irreparable injury, loss, or damage will result to the applicant." Further, in considering whether to issue a preliminary injunction under Rule 65(b), the Court must consider four factors: (1) the likelihood of irreparable harm to the plaintiff if the Court denies the

preliminary injunction; (2) the likelihood of harm to the defendants if the injunction is granted; (3) the likelihood that the plaintiff will succeed on the merits of this underlying claim; and (4) the public interest. *Smith v. Ozmint*, 444 F. Supp.2d 502, 504 (D.S.C. 2006). A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir.1980).

Additionally, functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *Gaston* v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman,* 34 F.3d 266, 269 (4th Cir. 1994). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Group*, 952 F.2d 802, 812 (4th Cir.1991) (citation omitted).

The undersigned construes the plaintiff's motion as one for preliminary injunctive relief. The plaintiff alleges that he was improperly placed in permanent disciplinary lock-up, that he has been permanently denied all communication and has been denied a hearing.

The plaintiff has not shown that irreparable harm is likely to occur if his motion is

denied. There is no evidence in the record that the plaintiff will suffer irreparable harm. Nor has plaintiff established a likelihood that he will eventually succeed on the merits or that the public interest lies with granting the relief. Therefore, the Plaintiff has failed to establish the elements necessary to demonstrate the need for a preliminary injunction.

Wherefore, based on the foregoing, it is RECOMMENDED that the Plaintiff's Motion for a Temporary Restraining Order (Dkt. # 4) be DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks<br>United States Magistrate Judge

December 14, 2010
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**