IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| James I. Aiken, ) | Civil Action No.: 2:10-cv-02664-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Sheriff Al Cannon Jr., Esq.; Chief Lucas; ) | |
| Major Hardgrove; Captain Keyes; Officer ) | |
| T.L. Crider; Charleston County Sheriff's ) | |
| Office; and Charleston County Detention ) | |
| Center, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Currently pending before the Court are: (1) the Magistrate Judge's Report and Recommendation ("R&R") recommending that the Court partially dismiss the Plaintiff's Amended Complaint without prejudice and without issuance and service of process against Defendants Charleston County Sheriff's Office ("CCSO") and Charleston County Detention Center ("CCDC") [Docket # 35]; and (2) the Magistrate Judge's R&R recommending that the Court deny the Plaintiff's Motion for a Temporary Restraining Order ("TRO") [Docket # 38]. For the following reasons, the Court adopts both R&Rs.

## **Procedural History**

This case was initiated on October 19, 2010, when the Plaintiff filed a Complaint appearing to assert various claims under 42 U.S.C. § 1983. Specifically, the Plaintiff complains that he was improperly placed in permanent disciplinary lock-up, his bag lunches fell below his 2000-calorie daily dietary requirement, and that he has been permanently denied phone calls, visitation, canteen, recreation, request forms, grievance forms, and medical forms. The Plaintiff also filed a one-page handwritten Motion for a TRO, stating "I fear that when they are served the oppression will increase. Also, I need an emergency hearing for some type of temporary relief immediately." [Docket # 4] On

November 22, 2010, the Plaintiff filed an Amended Complaint in which he named two additional Defendants: CCSO and CCDC. The Plaintiff requests $5 million in damages from both of these Defendants. On December 2, 2010, the Defendants filed a Response in Opposition to the Plaintiff's Motion for a TRO. On December 9, 2010, the Magistrate Judge filed a R&R, recommending that the Amended Complaint be dismissed without prejudice as to Defendants CCSO and CCDC without issuance and service of process. The Plaintiff filed no objections to this R&R. On December 14, 2010, the Magistrate Judge filed another R&R, recommending that the Court deny the Plaintiff's Motion for a TRO. The Plaintiff filed timely objections to this R&R on December 29, 2010.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

*Defendants CCSO and CCDC*

In her R&R [Docket # 35], the Magistrate Judge recommends that the Court dismiss the Amended Complaint in this case *without prejudice* and without issuance and service of process for Defendants CCSO and CCDC because CCSO is entitled to Eleventh Amendment immunity and CCDC is not a "person" acting "under color of state law." *See* 42 U.S.C. § 1983. The Plaintiff has failed to file objections to this recommendation. Pursuant to *Pennhurst State Sch.. & Hosp. v. Halderman,* 465 U.S. 89, 104 S. Ct. 900 (1984), unless the State of South Carolina has consented to suit, it and its agencies have immunity pursuant to the Eleventh Amendment. *Id.* at 98-100 ("[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state. . . . [I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). As noted by the Magistrate Judge, the State of South Carolina has not consented to suit in federal court. *See* S.C. Code Ann. § 15-78-20(e). A suit against the CCSO is a suit against the State of South Carolina itself. *See Carroll v. Greenville Cnty. Sheriff's Dep't,* 871 F. Supp. 844, 846 (D.S.C. 1994) ("It is well-established in this state that a sheriff's office is an agency of, and a sheriff 'dominated by,' the state, such that a suit against the sheriff in his official capacity is a suit against the State."). Accordingly, the CCSO, as an agency of the State, has Eleventh Amendment immunity. *See Stewart v. Beaufort Cnty.,* 481 F. Supp. 2d 483, 492 (D.S.C. 2007) ("[A] federal court lacks jurisdiction to hear a cause of action against a South Carolina Sheriff's Department, as such a suit is barred by state immunity."). Thus, the Magistrate Judge correctly determined that CCSO is entitled to Eleventh Amendment immunity, and dismissal of the Amended Complaint as to this Defendant is appropriate.

Notably, it appears that the Plaintiff brings suit against the individual Defendants in their official capacities:

> The Charleston County Sheriff's Office (CCSO) has jurisdiction over the Al Cannon Detention Center (ACDC), coupled with the fact that Chief Lucas has been deputized by the power invested in the CCSO to function on its behalf as Chief Administrating Deputy in the ACDC. Crider has been deputized as well by the CCSO to function as a deputy in the ACDC on its behalf. *As a natural consequence their actions were born out of their official position opposed to their personal position.* Thus, Plaintiff lists both CCSO and the ACDC as separate Defendants, for both entities are liable for the actions of their representatives/agents. Thus, CCSO and ACDC are rightly listed as separate Defendants.

Pl.['s] Am. Compl., p. 4 (emphasis added). It is well settled, in both South Carolina law and federal law regarding § 1983 litigation, that a Sheriff in South Carolina is an arm of the State, and, as such, enjoys Eleventh Amendment Immunity in federal court when sued in his official capacity. *See Cromer v. Brown*, 88 F.3d 1315, 1331-32 (4th Cir. 1996); *Cone v. Nettles*, 308 S.C. 109, 417 S.E.2d 523, 524-25 (1992). This immunity extends to the Sheriff's Office, including the individual employees and deputy sheriffs of the Sheriff's Office. *See Gulledge v. Smart*, 691 F. Supp. 947, 954-55 (D.S.C. 1988) (concluding that a deputy sheriff is an agent of the State and entitled to Eleventh Amendment immunity); *Cone*, 308 S.C. at 111, 417 S.E.2d at 525 (holding that a deputy sheriff is a state official and not liable in his official capacity for monetary damages under § 1983); *see also Barrett v. Brooks*, No. 4:00-2967-19BF, 2001 WL 34684725, at *9-10 (D.S.C. Sept. 28, 2001) (stating Eleventh Amendment immunity applies to the States and "arms of the states," including state agencies, divisions, departments and officials, for purposes of Section 1983 litigation (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989))). Thus, to the extent that the individual Defendants are sued in their official capacities, they are entitled to Eleventh Amendment immunity from liability for monetary damages under § 1983.

The Amended Complaint should also be dismissed as to Defendant CCDC because it is not a proper party to a lawsuit filed pursuant to § 1983. In order to state a claim for relief under § 1983, the Plaintiff must sufficiently allege (1) that he "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States; and (2) that the conduct complained of was committed by a person acting under the color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 658 (4th Cir. 1998). The CCDC is an entity, facility, or group of buildings, and not a "person acting under the color of state law." *See, e.g., Brooks v. Pembroke City Jail,* 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); *Moore v. Charleston Cnty. Det. Ctr.,* No. 8:08-cv-00492, 2008 WL 2001959, at *3 (D.S.C. May 6, 2008) ("The Defendant Charleston County Detention Center is not a 'person' subject to liability under § 1983, so the pleadings fail to state a claim against Defendant."). As such, Defendant CCDC is not a proper § 1983 defendant, and dismissal of the Amended Complaint as to this Defendant is appropriate.

*Motion for a Temporary Restraining Order*

In her R&R [Docket # 38], the Magistrate Judge recommends that the Court deny the Plaintiff's Motion for a TRO. In the Amended Complaint, the Plaintiff alleges that he has been improperly placed in disciplinary lock-up, denied a hearing, and denied all forms of communication. In his Motion for a TRO, he states: "I fear that when they are served the oppression will increase. Also, I need an emergency hearing for some type of temporary relief immediately." The Court construes his Motion

for a TRO as a motion for preliminary injunctive relief.[1] A plaintiff seeking a preliminary injunction must establish that: (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council,* 555 U.S. 7, 129 S. Ct. 365, 374 (2008). A preliminary injunction is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Mazurek v. Armstrong,* 520 U.S. 968, 117 S. Ct. 1865, 1867 (1997); *Munaf v. Green,* 553 U.S. 674, 128 S. Ct. 2207, 2219 (2008) (stating a preliminary injunction is an "extraordinary and drastic remedy" that "is never awarded as of right"). Additionally, functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *Gaston v. Taylor,* 946 F.2d 340, 343 (4th Cir. 1991); *see Taylor v. Freeman*, 34 F.3d 266, 269-270 (4th Cir. 1994) (stating that preliminary injunctive relief involving the management of prisons should be granted only under exceptional and compelling circumstances.).

In his objections, the Plaintiff makes the following allegations: (1) violation of due process for being placed in disciplinary segregation without a hearing before an impartial committee, and (2) various claims of retaliation due to the restrictions placed on the Plaintiff as a result of being in segregation, including phone restrictions; bag meals; recreation restrictions; visitation restrictions; denial of grievance forms; denial of nutritious meals; and denial of his "indigent pack" for several weeks (denial of access to the courts). However, by his own admission, "Plaintiff acknowledges that a number of the conditions of which he complains [are] no longer applicable to him . . . ." Pl.

---

[1] Insofar as the Plaintiff requests a TRO, such orders are issued only rarely, when the movant proves that he will suffer immediate and irreparable injury if relief is not granted before the adverse party could be notified and have opportunity to respond. *See* Fed. R. Civ. P. 65(b)(1)(A). Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that the Plaintiff is not entitled to a preliminary injunction, the Court finds no basis upon which to grant him a TRO.

Objections, p. 9. As the Plaintiff is no longer in disciplinary lock-up and the "extreme conditions" referenced in his motion for preliminary injunctive relief are no longer applicable to him, his motion is moot. *See Williams v. Griffin,* 952 F.2d 820, 825 (4th Cir. 1991) (stating claims for injunctive and declaratory relief become moot when a prisoner is no longer subjected to the conditions about which he complained); *see also Incumaa v. Ozmint,* 507 F.3d 281, 286-87 (4th Cir. 2007) (holding that "the transfer of an inmate from a unit or location where he is subject to the challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition *moots* his claims for injunctive and declaratory relief, even if a claim for money damages survives.") (emphasis added).

The remaining conditions from which the Plaintiff claims that he needs injunctive relief appear to relate to access to the courts:

> Since the filing of this Complaint, Plaintiff has been unable to receive further material requested for criminal charges or otherwise[.] Plaintiff do[es] not know if unit officers are not forwarding request to legal liaison or whether legal liaison is ignoring Plaintiff's request[.] Plaintiff as a result, is unable to cite legal cases in support of his contentions[.] Plaintiff is unable to notarize affidavits [as] notary do not come to housing unit to notarize[;] the document is signed then submitted, Plaintiff states its possible or more likely that Plaintiff's affidavits will not see [notary] again [and] this fear is actual and imminent[. . . .] Some officers state, "I don't make copies"; Plaintiff [has] only one officer who can be relied upon to make copies to provide the Court and Counsel for Defendants; thus, temporary relief is needed at minimum so Plaintiff can at least receive materials from legal liaison and have copies made . . . .

Pl. Objections, p. 9. However, the Plaintiff has presented no evidence to clearly show that he will suffer imminent, irreparable harm absent an extraordinary order of preliminary injunctive relief from this Court, as the docket is replete with timely motions and responses filed by the Plaintiff. *See, e.g., Lewis v. Casey,* 518 U.S. 343, 116 S. Ct. 2174 (1996); *Wise v. Ozmint,* No. 6:09-153, 2009 WL 3232672, at *3 (D.S.C. Oct. 6, 2009) (noting that plaintiff's "numerous, lengthy, and timely filings

7

indicate that he has been given a significant amount of access to both the prison law library and mailroom" and holding that where plaintiff "fails to show some actual injury resulting from denial of access to the courts, his assertion that he has been denied access" is without merit.).  As such, the Plaintiff has failed to establish that compelling circumstances exist to warrant injunctive relief or that he is likely to suffer irreparable harm in the absence of preliminary injunctive relief.  Likewise, he has not shown that the balance of equities tips in his favor or that preliminary relief is in the public interest.  Thus, the Plaintiff's motion for preliminary injunctive relief is denied.

## Conclusion

Having thoroughly reviewed the entire record, the Plaintiff's objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law.  As such, the Court agrees with the recommendations of the Magistrate Judge.  Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&Rs [Docket #s 35 & 38] are adopted and incorporated herein by reference.  Specifically, the Amended Complaint is dismissed as to Defendant CCSO; Defendant CCDC; and the individual Defendants to the extent they are sued *in their official capacities*, and the Plaintiff's motion for preliminary injunctive relief [Docket # 4] is **DENIED.**

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
February 22, 2011

8