IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| James I. Aiken, #2032, ) | Civil Action No. 6:10-2664-RBH-KFM |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| Sheriff Al Cannon, Jr., Chief Lucas, ) | |
| Major Hargrove, Captain Keyes, and ) | |
| Officer T. L. Crider, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the plaintiff's motions to compel (doc. 50, 87), motion to amend (doc. 60), and motion for extension of time (doc. 86). The plaintiff, a state prisoner proceeding *pro se*, alleges excessive/improper punishment and due process violations in connection with disciplinary charges lodged against him while he was a detainee in the Charleston County Detention Center.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

The plaintiff is now incarcerated at Lee Correctional Institution. In his amended complaint, he alleges that the defendants violated his constitutional rights while he was a detainee in the Charleston County Detention Center ("CCDC") when he was placed in the disciplinary unit without a hearing and was given only "bag lunches" for meals. On December 29, 2010, the plaintiff filed a motion for summary judgment (doc. 45). On January 6, 2011, the plaintiff filed a motion to compel (doc. 50). On January 18, 2011, this court granted the defendants' request for an extension of time to respond to the motions,

noting that the defendants had not been properly served with any discovery requests at that time.  Defense counsel indicated that she was seeking the items listed in the motion to compel and would provide them to the plaintiff if and when she received them.  On February 8, 2011, the plaintiff filed a motion to amend his complaint to add allegations of acts committed by proposed new defendants Elijah McPherson and "K" (both officers in the CCDC).  On March 4, 2011, the defendants filed their own motion for summary judgment and opposition to the plaintiff's motion for summary judgment.  By order filed on March 4, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary dismissal procedure and the possible consequences if he failed to adequately respond to the motion.  On April 6, 2011, the plaintiff filed a motion for extension of time (doc. 86) to respond to the defendants' motion for summary judgment. On that same date, the plaintiff filed another motion to compel (doc. 87).  The defendants filed their response in opposition to the motion to compel on April 25, 2011.

After the plaintiff filed his first motion to compel (doc. 50), the defendants received a "Motion to Produce Evidence - 3rd Request," which sought essentially the same items sought in the plaintiff's first motion to compel.  The defendants produced all the requested items that they were able to locate other than the plaintiff's medical records (*see* doc. 89-2).  According to the defendants, a HIPAA notification letter and proposed release were sent to the plaintiff with their discovery responses.  The plaintiff has signed the release, and defense counsel states she will send the plaintiff a copy of the requested medical records after obtaining them by subpoena, but no later than May 9, 2011.  Based upon the foregoing, the plaintiff's first motion to compel (doc. 50) is denied.

In his second motion to compel (doc. 87), the plaintiff references interrogatories he "submitted" on February 7, 2011.  However, the defendants state that they were not served with these discovery requests and became aware of the discovery requests only when the plaintiff attached them to his motion to compel (*see* doc. 87-1).  The

2

court docket shows that the plaintiff attempted to file his discovery requests, and they were returned to him on February 11, 2011, with the instruction that "such requests should be served on opposing counsel and NOT FILED with the court" (doc. 64). *See* Fed.R.Civ.P. 5(d)(1); Local Civil Rule 5.01 DSC. Apparently, the plaintiff never served the discovery requests on the defendants. Accordingly, the second motion to compel (doc. 87) is denied.

On February 8, 2011, the plaintiff filed a motion to amend his complaint (doc. 60) to add allegations of retaliatory acts committed by proposed new defendants Elijah McPherson and "K" (both officers in the CCDC). These allegations have arisen since the filing of the plaintiff's complaint and are against persons who are not parties to this case. Furthermore, dispositive motions have been filed by both the defendants and the plaintiff in the instant case. Accordingly, the plaintiff's motion to amend (doc. 60) is denied.

In a motion filed April 6, 2011, (doc. 86), the plaintiff seeks an additional 20 days to respond to the defendants' motion for summary judgment, as well as extension of time to file replies to his motions to compel and to amend. As this court has now ruled on the plaintiff's motions to amend and to compel, his request for an extension is denied as to those motions. The plaintiff's request for an extension of time to respond to the defendants' motion for summary judgment is granted.

Wherefore, based upon the foregoing, the plaintiff's motions to compel (docs. 50, 87) and motion to amend (doc. 60) are denied. The plaintiff's motion for extension of time (doc. 86) is granted in part. The plaintiff's deadline for filing a response to the defendants' motion for summary judgment is extended to May 23, 2011.

IT IS SO ORDERED.

April 26, 2011                                          s/Kevin F. McDonald
Greenville, South Carolina                      United States Magistrate Judge