IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| James I. Aiken, #2032 )<br>  )<br>              Plaintiff, )<br>  )<br>  vs. )<br>  )<br> Sheriff Al Cannon, Jr., Chief Lucas, )<br> Major Hargrove, Captain Keyes, and )<br> Officer T.L. Crider )<br>              Defendants. )<br>_____ ) | Civil Action No. 6:10-2664-RBH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the plaintiff's motion for summary judgment (doc. 45) and the defendants' motion for summary judgment (doc. 76). The plaintiff, a state prisoner proceeding *pro se*, alleges his constitutional rights were violated by the defendants while he was a detainee in the Sheriff Al Cannon Detention Center ("SACDC")[1] in Charleston County, South Carolina.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

On December 29, 2010, the plaintiff filed a motion for summary judgment (doc. 45). On March 4, 2011, the defendants filed their own motion for summary judgment and opposition to the plaintiff's motion for summary judgment. By order filed on March 4, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response in opposition to the defendants' motion for summary judgment on April 22, 2011.

---

[1]The defendants also refer to the detention center as the Charleston County Detention Center.

## **FACTS PRESENTED**

The plaintiff is now incarcerated at Lee Correctional Institution. He alleges that on September 29, 2010, while he was a detainee in the SACDC, he was improperly placed in permanent disciplinary lock-up and that he was denied phone calls, visitation, canteen, request forms, grievance forms, and medical forms. He further complains that the kitchen was instructed to provide him with "bag lunches" for all three meals and that this falls far below his 2000-calorie daily dietary requirement. He contends that he was on bag meals for 35 days. He also asserts that he has been denied his right of access to the courts. In his November 22, 2010, amended complaint, the plaintiff sets forth various claims for injunctive relief, both for himself and for others, as well as a claim for $5 million dollars "from both Charleston County Sheriff's Office and Al Cannon Detention Center due to the mental anguish, emotional stress and physical hardship encountered as a result of bag lunches (35) days, no suitable drinking water . . . plaintiff was starved, constipated, not allowed communication with counsel, family and outside world in general." He also seeks court costs and legal fees, as well as $100,000.00 from certain individual defendants.

According to the affidavit of Major Timothy Smith, on September 29, 2010, the plaintiff was charged with "Creating, participating or inciting a disturbance, riot or group demonstration" over a change in the recreation schedule. During the melee, detainees threw chairs, punched one officer in the face, and physically assaulted another. Two officers had to seek medical attention. The plaintiff and several other detainees were placed in disciplinary segregation. The plaintiff was placed on bag meals as a disciplinary measure. The plaintiff was later transferred to administrative segregation on November 16, 2010. According to Major Smith, while an inmate is on disciplinary status, visitation privileges are temporarily suspended, and canteen purchases are limited to hygiene items. Inmates on disciplinary status may still submit requests, grievances, and medical forms. The Inmate Mail Log shows that the plaintiff continuously received mail even while on disciplinary status

2

(Major Timothy Smith aff. ¶¶ 3-6 and attachments). On January 24, 2010, the plaintiff was transferred to the custody of the South Carolina Department of Corrections.

Stephanie Singleton, the Legal Liaison at the SACDC, states in her affidavit that the plaintiff had access to the grievance process while he was in disciplinary detention. She further states that a review of the plaintiff's file indicates that he submitted an "inmate request form" on November 3, 2010, during the period in which he claims to have been denied access to forms and other means of communication (Stephanie Singleton aff. ¶¶ 1-5). In the November 3rd inmate request form, the plaintiff complained about the bag lunches and the recreation and visitation restrictions (pl. resp. m.s.j., ex. 1 at p. 23). However, the plaintiff did not file a grievance challenging the conditions he alleges in this lawsuit (Singleton aff. ¶ 4).

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities

against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

In his amended complaint, the plaintiff demands the following injunctive relief: to be released from disciplinary segregation and returned to general population, that defendant Chief Lucas be removed from his position or, alternatively, demoted; that defendant Officer Crider be terminated from employment; that future disciplinary hearings be recorded; that detainees assigned to disciplinary segregation be provided "water suitable for human consumption"; and that bag lunches be discontinued (amended comp. at 5). The defendants argue that the plaintiff's claims for injunctive or declaratory relief are now moot as the plaintiff is no longer an inmate in the SACDC. This court agrees. The court has previously recognized that claims for injunctive and declaratory relief become moot when a

prisoner is no longer subjected to the conditions about which he complained. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991); *Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007). Furthermore, to the extent the plaintiff seeks declaratory or injunctive relief on behalf of other detainees still in the custody of the SACDC, the plaintiff lacks standing to seek such relief. *See e.g., Pelzer v. McCall*, C/A No. 2:10-2065-MGS-RSC, 2010 WL 4064025, at *2 (D.S.C. Sept. 16, 2010) (citing *Hummer v. Dalton*, 657 F.2d 621, 625-626 (4th Cir.1981) (a prisoner cannot act as a "knight-errant" for others)).

The plaintiff claims the defendants did not provide him with a proper disciplinary hearing and did not execute a proper investigation of the incident in violation of his due process rights. The defendants claim that the plaintiff failed to exhaust his administrative remedies on these claims, and thus they must be dismissed. This court agrees.

In a recent case, *Patterson v. Brown*, C/A No. 2:09-1298-DCN-RSC, 2010 WL 2927479 (D.S.C. July 22, 2010) (slip copy), the Honorable David C. Norton, Chief United States District Judge, examined a very similar claim in which a detainee argued that the defendants did not provide him with a proper disciplinary hearing and did not execute a proper investigation in violation of his due process rights. Chief Judge Norton found the plaintiff had failed to exhaust his administrative remedies on these claims, explaining as follows:

> The Prison Litigation Reform Act requires that a prisoner exhaust his administrative remedies before filing a section 1983 action. The act states, "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e). [The detention center] has a system in place for handling grievances by detainees. Detainees are allowed to file written complaints, and must appeal to the Assistant Director or her designee in order to exhaust their administrative remedies. According to the record, it appears that plaintiff did not file a grievance concerning the remaining allegations in his complaint, much less appeal his

5

>           grievance to the Assistant Director or her designee. These
>           unexhausted claims must be dismissed without prejudice.

2010 WL 2927479, at *4 (footnote omitted).

Under the SACDC grievance policy, an inmate must submit an inmate grievance form or call the inmate grievance hotline to initiate the grievance process. The initial and any subsequent reviewer has five working days from receipt of a grievance to attempt resolution. If a grievance cannot be resolved by the Division Captain, an inmate may appeal to the appropriate Major and then to the Detention Center Administrator (Singleton aff., ex. 1).

The plaintiff argues that while he was in segregation all means of communication were cut off, and thus he was unable to file a grievance. However, the plaintiff's own filings contradict this claim. The plaintiff was in disciplinary segregation from September 29, 2010, until he was transferred to administrative segregation on November 16, 2010. The plaintiff's complaint in this case was signed on September 30, 2010, and received by the Clerk of Court on October 13, 2010 (*see* doc. 1). In a November 3, 2010, inmate request form, the plaintiff complained about the bag lunches and the recreation and visitation restrictions (pl. resp. m.s.j., ex. 1 at p. 23). However, the plaintiff did not file a grievance challenging the conditions he alleges in this lawsuit (Singleton aff. ¶ 4). Additionally, the plaintiff filed an amended complaint on November 22, 1010, which had as attachments the inmate request form and correspondence from the plaintiff's assistant public defender dated October 21, 2010. Furthermore, the Inmate Mail Log shows that the plaintiff continuously received both personal and legal mail while on disciplinary status (Major Timothy Smith aff. ¶¶ 3-6 and attachments). Based upon the foregoing, the plaintiff has failed to show that administrative remedies were unavailable to him. Accordingly, his due process claims should be dismissed for failure to exhaust administrative remedies.

The plaintiff's claim that he was denied access to the courts also fails. The United States Constitution guarantees prisoners the right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). In *Lewis v. Casey*, 518 U.S. 343, 349 (1996),

the Supreme Court held that a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. This requirement can be satisfied by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access. *Id.* at 352-53. A claim for failure to provide access to the courts must be pleaded with specificity. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). As set forth above, the plaintiff's many filings in the instant case belie any such claim. The plaintiff has failed to show any actual injury. Accordingly, the claim fails.

The plaintiff also claims that the "bag lunch" meals violated his constitutional rights. Confinement conditions of pretrial detainees are to be evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment. *Bell v. Wolfish,* 441 U.S. 520, 535 (1979). Where a pretrial detainee complains of prison conditions, the proper inquiry is whether the conditions of his confinement amount to punishment before a proper adjudication of guilt. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992). Not every hardship suffered during pretrial detention amounts to "punishment" in the constitutional sense. *Id.* (citing *Bell,* 441 U.S. at 537). To state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir.1993) (quoting *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir.1991)). Here, the plaintiff has failed to show that the defendants failed to provide him with humane conditions of confinement or that he suffered any actual injury as a result of the alleged conditions of his confinement. *Green v. DeWitt*, 2010 WL 5390015, at *3 (D.S.C. Nov. 1, 2010). Clearly, the plaintiff's allegations regarding the bag lunch meals do not rise to the level of violation of his constitutional rights.

Only the individual capacity claims remain against the defendants (*see* doc. 68, dismissing all entity and official capacity claims pursuant to Eleventh Amendment immunity). With regard to Officer Crider, the plaintiff claims that she advised him of the change in recreational time, called him an "ass" (to which he responded by calling her an

7

"ass"), and locked him in his cell as he was complaining loudly about the change in the recreation schedule (amended comp. at 3).  Although he does not address this in his amended complaint, the plaintiff's initial complaint suggests that his claims against Keyes and Hargrove are solely the result of the fact that they, along with Detention Center Chief Mitch Lucas, watched the surveillance tape of the riot and agreed that the tape justified placing plaintiff in the 1-A lockup unit.  Clearly, these allegations do not rise to the level of a violation of the plaintiff's constitutional rights. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) ("Name calling is not a constitutional violation.") (citation omitted).  As argued by the defendants, the plaintiff has failed to allege that Officers Crider, Keyes, and Hargrove "personally acted or failed to act in violation of his constitutional rights." *Green*, 2010 WL 5390015, at *5.

The plaintiff sets forth a host of complaints against Chief Lucas.  As noted above, plaintiff failed to exhaust his administrative remedies regarding the disciplinary action taken and has failed to state a proper constitutional claim as to the conditions of his confinement.

There are no specific claims asserted against Sheriff Cannon; it appears that he has been sued in his supervisory capacity only. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) ("Having failed to allege any personal connection between [the defendant] and any denial of [the plaintiff's] constitutional rights, the action against him must fail.").  The doctrine of *respondeat superior* generally is inapplicable to Section 1983 suits. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Vinnedge*, 550 F.2d at 928-29. A plaintiff must establish three elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate:  (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2)  the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3)  there is an "affirmative causal link" between the supervisor's inaction and

8

the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.). The plaintiff has failed to make such a showing here. Accordingly, the claim against Sheriff Cannon fails.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the plaintiff's motion for summary judgment (doc. 45) be denied and the defendants' motion for summary judgment (doc. 76) be granted.

s/Kevin F. McDonald
United States Magistrate Judge

June 7, 2011

Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).