IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| James I. Aiken, ) | Civil Action No.: 6:10-cv-02664-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Sheriff Al Cannon, Jr., Esq.; ) | |
| Chief Lucas; ) | |
| Major Hardgrove; ) | |
| Captain Keyes; ) | |
| Officer T.L. Crider; ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, a state prisoner proceeding *pro se*, brought this suit pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at Lee Correctional Institution in Bishopville, South Carolina.

On December 29, 2010, the court received Plaintiff's [Docket Entry 45] Motion for Summary Judgment. On March 4, 2011, Defendants filed their own [Docket Entry 76] Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment. Because Plaintiff is proceeding *pro se*, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on March 4, advising Plaintiff of the motion for summary judgment procedures and the possible consequences if he failed to adequately respond. On April 20, 2011,[1] Plaintiff filed his [Docket Entry 94] Response in Opposition to Defendants' summary judgment motion.

This matter is now before the court with the [Docket Entry 97] Report and Recommendation

---

[1] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is deemed filed at the moment of delivery to prison authorities for forwarding to district court).

("R & R") of United States Magistrate Judge Kevin F. McDonald[2] filed on June 7, 2011. In his R & R, the Magistrate Judge recommended that the court should deny Plaintiff's summary judgment motion and grant Defendants' summary judgment motion. R & R at 9. Plaintiff thereafter timely-filed[3] objections to the R & R, *see* Obj. [Docket Entry 105], to which Defendants' replied on July 15, 2011, *see* Reply [Docket Entry 107].

**Background**

Plaintiff was a detainee at the Sheriff Al Cannon Detention Center ("SACDC") at the time of the incidents in question. *See* Compl. [Docket Entry 1]. He alleges that on September 29, 2010, he was in his cell when a riot broke out downstairs in the prison. *Id.* at 3. He claims that he was thereafter improperly placed in permanent disciplinary lock-up without receiving a hearing. *Id.* at 3-4. He further alleges that while he was in disciplinary lock-up, he was denied phone calls, visitation, canteen, request forms, grievance forms, and medical forms. *Id.* at 4. He further complains that the prison kitchen was instructed to provide him with bag lunches three (3) times a day, which fell below his 2000-calorie daily dietary requirement. *Id.* Plaintiff also asserts that he has been denied access to the courts. *Id.* Specifically, he contends he was denied request forms that are used to communicate with the public defender, and that he was not supplied with his indigent pack that contains two (2) envelopes. *Id.* In his [Docket Entry 17] Amended Complaint, Plaintiff sets

---

[2] This matter was referred to Magistrate Judge McDonald pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.

[3] Plaintiff's objections were due by July 11, 2011. *See* June 23 Text Order [Docket Entry 101]. However, the court did not receive Plaintiff's objections until July 15, 2011. The envelope containing the objections contained a date-stamp of July 29, 2011, which is clearly in error. Accordingly, the court cannot determine the specific date on which Plaintiff delivered his Objections to the prison mail room. The court does note, however, that Plaintiff signed the Objections on July 10, 2011. Therefore, out of an abundance of caution, the court gives Plaintiff the benefit of his signature date and his Objections are considered timely.

forth various claims for injunctive relief, both for himself and others, as well as a claim for "five million dollars from both Charleston County Sheriff's Office and Al Cannon Detention Center due to the mental anguish, emotional stress and physical hardships encountered as a result of bag lunches (35) days no suitable drinking water . . . plaintiff was starved, constipated, not allowed communication with counsel, family and outside world in general." *Id.* at 5. He also seeks legal fees and $100,000 awards from certain individual defendants. *Id.*

According to Defendants, on September 29, 2010, Plaintiff was charged with "[c]reating, participating or inciting a disturbance, riot or group demonstration." Exh. 1 to Smith Aff. [Docket Entry 76-4] at 7. During the melee that led to Plaintiff's charge, inmates threw chairs, punched one officer in the face, and physically assaulted another. *Id.* at 8. Two prison officers had to seek medical attention as a result. *Id.* at 7. Plaintiff was thereafter placed in disciplinary segregation. *Id.* at 6-9. Plaintiff was "placed on bag meals as a disciplinary measure following . . . [the] incident on September 29, 2010." Smith Aff. [Docket Entry 76-3] at 2. Plaintiff was later "transferred from disciplinary segregation to administrative segregation on November 16, 2010." *Id.* According to Major Smith, "[w]hile an individual is on disciplinary status, his visitation privileges are temporarily suspended. Further, canteen purchases are limited to hygiene items. Inmates are still permitted to submit requests, grievances, and medical forms while on disciplinary status." *Id.*

Stephanie Singleton, the legal liaison at SACDC, states in her [Docket Entry 76-5] Affidavit that inmates have access to the grievance process or inmate request forms when they are in disciplinary or administrative confinement. *Id.* at 1. She further states that Plaintiff submitted an "Inmate Request Form" on November 3, 2010, "during the time period in which he claims to have been denied access to forms and other means of communication." *Id.* In the November 3 Request

Form, Plaintiff complained about the bag lunches and the restrictions on phone calls, recreation, canteen, and visitation. Request Form [Docket Entry 94-1]. Also, Singleton states that Plaintiff was able to file "his initial complaint" in this case during the time period in which he was in segregation. Singleton Aff. at 2. However, Singleton indicated that Plaintiff did not file a grievance challenging the conditions alleged in this lawsuit. *Id.*

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

In his R & R, the Magistrate Judge ultimately recommended that the court should deny Plaintiff's Motion for Summary Judgment and grant Defendants' Motion for Summary Judgment.

R & R at 9.  Specifically, the Magistrate Judge found as follows: Plaintiff's demands for injunctive relief are moot; Plaintiff's due process claims should be dismissed for failure to exhaust his administrative remedies; Plaintiff's claim of denial of access to the courts fails; Plaintiff's allegations regarding "bag lunches" do not rise to the level of a constitutional violation; and Plaintiff's individual capacity claims[4] should all be dismissed for various reasons. *See id.* at 4-10.

Plaintiff timely filed objections to the R & R.  Upon review, all of the objections appear to relate to the Magistrate Judge's conclusions regarding exhaustion.  Plaintiff contends that he "was denied grievance forms by Chief Lucas and could not file a grievance." Obj. at 2.  Plaintiff further contends that "all means of communication [were] cut-off," including "phone calls", "request forms", and "indigent packs". *Id.*  Plaintiff references affidavits in the record, his own and those of other inmates, to this effect. *See* Affidavits of Inmates [Docket Entry 42].  Thus, Plaintiff argues that Defendants "depriv[ed]" him of the administrative remedy process. *Id.* at 3.

Pursuant to 42 U.S.C. § 1997e(a),[5] "prisoners must exhaust 'such administrative remedies as are available' prior to filing suit in federal court challenging prisoner conditions." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (quoting 42 U.S.C. § 1997e(a)).  However, the administrative remedy process is considered to be unavailable if prison officials prevent an inmate from using it. *See Hill v. Haynes*, 380 F. App'x 268, 270 (4th Cir. 2011).[6]

---

[4] The Magistrate Judge found that Plaintiff's claims against Chief Lucas should be dismissed because Plaintiff had "failed to exhaust his administrative remedies regarding the disciplinary action taken and ha[d] failed to state a proper constitutional claim as to the conditions of his confinement." R & R at 8.

[5] Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

[6] "An administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it.  Thus, when prison officials prevent inmates from using the administrative process . . . , the process that exists on paper becomes unavailable in reality.  Accordingly,

Under the SACDC grievance policy, inmates must submit an inmate grievance form or call the inmate grievance hotline to initiate the grievance process. *See* Grievance Policy [Docket Entry 76-6] at 1-4. The initial and any subsequent reviewer then has five (5) working days from the receipt of the grievance to attempt resolution. *See id.* at 4. If a grievance cannot be resolved by the Division Captain, the inmate may appeal to the appropriate Major and then appeal to the Detention Center Administrator. *See id.* at 5. "The Detention Center Administrator's decision on inmate grievances is final." *Id.*

Upon review, the undersigned agrees with the Magistrate Judge that Plaintiff failed to exhaust his due process claims and those claims should therefore be dismissed. First, Plaintiff does not appear to dispute Defendants' contention that he failed to file a grievance addressing the due process claims that he now alleges in the present suit. *See* Compl. at 2 (indicating Plaintiff did not file grievance); *see also* Amended Compl. at 2 (same). Second, while Plaintiff does argue that he was prevented from filing a grievance regarding his due process claims because "all means of communication [were] cut-off"[7] while he was in disciplinary segregation, Plaintiff's other filings in this action preclude such a finding. Plaintiff was confined in disciplinary segregation from September 29, 2010, until he was transferred to administrative segregation on November 16, 2010. However, during that period of time, Plaintiff was able to file several documents relating to this litigation. Plaintiff's original Complaint in this case was signed on September 30, 2010, and was received by the Clerk of Court on October 13, 2010. Moreover, the court notes that Plaintiff drafted

---

the district court is obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." *Hill*, 380 F. App'x at 270 (internal quotations and citations omitted).

[7] Obj. at 2

that Complaint on the standard *pro se* forms provided to inmates. Also, on November 3, 2010, Plaintiff filed an "Inmate Request Form" within the SACDC, complaining about the bag lunches and the restrictions placed on phone calls, recreation, canteen, and visitation. Request Form [Docket Entry 94-1].[8] In addition, the court received Plaintiff's Amended Complaint on November 22, 2010,[9] to which Plaintiff had attached correspondence from his assistant public defender dated October 21, 2010. *See* Oct. 21 Letter [Docket Entry 17-3]. The court concludes that Plaintiff's various filings during the period of time in which he was in disciplinary segregation belie any claim that he could not file a grievance because "all means of communication [were] cut-off." *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."). Furthermore, the Inmate Mail Log shows that Plaintiff received both personal and legal mail while in disciplinary segregation. *See* Exh. 1 to Smith Aff. at 1. Based on the foregoing, the undersigned agrees with the Magistrate Judge that Plaintiff "has failed to show that administrative remedies were unavailable to him." R & R at 6. Thus, because he failed to file a grievance regarding his due process claims, those due process claims should be dismissed for failure to exhaust his administrative remedies.[10]

---

[8] The court notes that, in the November 3 Request Form, Plaintiff complained about several of the allegations that he now raises in the current litigation–for example, the bag lunches. However, Plaintiff noticeably failed to include any complaints about any alleged lack of due process in the November 3 Request Form.

[9] Plaintiff signed this Amended Complaint on November 9, 2010, while he remained in disciplinary segregation. As with his original Complaint, Plaintiff drafted this Amended Complaint on the standard *pro se* forms provided to inmates.

[10] In addition, the court notes interestingly that Plaintiff signed his original Complaint on September 30, 2010. *See* Compl. at 5. Plaintiff also asserts that September 30, 2010 is the date on which the alleged due process violations occurred. *See* Amended Compl. at 3. Based on the fact that Plaintiff's Complaint was signed on the same date as the alleged constitutional violations, the court has serious doubts as to whether

Plaintiff did not file objections as to any of the Magistrate Judge's remaining findings and conclusions.[11] The court has reviewed the remainder of the Magistrate Judge's findings and R & R and finds no clear error on the face of the record. *See Diamond*, 416 F.3d at 315. Accordingly, the court adopts and incorporates herein the remainder of the Magistrate Judge's R & R.

### Conclusion

The court has thoroughly reviewed the entire record, including the R & R and objections, and applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Plaintiff's objections and adopts and incorporates by reference the Magistrate Judge's R & R. Accordingly, Plaintiff's Motion for Summary Judgment is **DENIED**, and Defendants' Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

                                  s/R. Bryan Harwell
                                  R. Bryan Harwell
                                  United States District Judge

Florence, South Carolina
September 2, 2011

---

Plaintiff had the time and opportunity to even attempt to avail himself of the administrative remedies process. Regardless, for the reasons stated above, the court concludes that Plaintiff's due process claims should be dismissed for failure to exhaust.

[11] As noted above, it appears that all of Plaintiff's objections relate to the Magistrate Judge's conclusion regarding exhaustion. However, to the extent that any of Plaintiff's objections could be construed to relate to the Magistrate Judge's conclusion regarding the claim for denial of access to the court, the objection is overruled. Inmates "have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, to succeed on such a claim, inmates are required to show some actual injury by "demonstrat[ing] that a nonfrivolous legal claim had been frustrated or was being impeded." *Lewis v. Casey*, 518 U.S. 343, 353 (1996). Here, Plaintiff's multiple filings with the court, as noted above and by the Magistrate Judge, belie any claim of denial of access. Moreover, Plaintiff has failed to demonstrate any specific injury stemming from this alleged denial. Accordingly, the undersigned would agree with the Magistrate Judge that Plaintiff's claim of denial access is without merit.